IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUCKER ENERGY SERVICES, USA, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-0417 |
| RICOH AMERICAS CORPORATION, | § § § | |
| Defendant. | § | |

**ORDER**

This is a commercial dispute. On April 10, 2012, the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 6). To allow the parties an opportunity to explore settlement, this court extended the plaintiff's response deadline to May 15, to May 29, and then to June 1. (Docket Entry Nos. 9, 11, 13).

On June 1, the plaintiff moved for leave to file an amended complaint. (Docket Entry No. 14). According to the plaintiff, it did not seek to amend under Rule 15(a)(1), but rather sought extensions to see if the case could be settled. The plaintiff also responded to the motion to dismiss based on the proposed amended complaint.

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend

may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

In this case, no substantial reason for denying the plaintiff's request exists.  The plaintiff has not unduly delayed seeking leave to amend.  Rather, the plaintiff's brief delay—less than one month after it could have amended as of right under Rule 15(a)(1)—is due to the parties' agreed extensions to explore settlement.  For the same reason, the plaintiff's motion is not in bad faith.  Amendment will not prejudice the defendant.  As already stated, less than one month has passed since the plaintiff's deadline for amending as of right.  No hearings, including the initial conference, have been held, and formal discovery has not begun.

The plaintiff's motion for leave to file an amended complaint, (Docket Entry No. 14), is granted.  The defendant's motion to dismiss, (Docket Entry No. 6), is denied as moot, and without prejudice to reassertion as to the amended complaint.

SIGNED on June 25, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge